[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 10, 1990 the plaintiff purchased a 1990 Red 4-door Hyundai Excel from the defendant. She paid the purchase price in full at that time. The purchase order specifically provided that the motor vehicle was not warranted by David McDermott Hyundai, but was subject to a limited warranty of Hyundai Motor America for 36,000 miles or 36 months, whichever occurs first. (Exhibit A). Hyundai Motor America is not a party and has never been a party to this action. CT Page 7105
 I.
On March 1, 1991, the plaintiff had difficulty with her new car requiring that it be towed into the defendant's place of business. The problem was found to be a defective starter. The part had to be ordered. The repair was covered by the Hyundai Motor America warranty. The plaintiff was given a "loaner" vehicle, it being anticipated that the loan would be until March 4 at 5:00 P.M. (Exhibit 3). By that time the plaintiff had not returned the "loaner" nor had she been notified that her car was ready to be returned to her. On March 6, 1991, the plaintiff had an accident with a motor vehicle that left the scene. (Exhibit 4). The accident caused the "loaner" to be returned to the defendant. However, the plaintiff's car was not returned to her despite her numerous requests. The defendant kept possession of the plaintiff's car until June 10, 1991. The court has been unable to discern nor has the defendant offered a legitimate reason for its refusal to return the plaintiff's car. It is noted that the plaintiff's repair bill was fully paid by virtue of the warranty of Hyundai Motor America. The plaintiff's car was finally returned on June 10 when she retained an attorney who commenced a prejudgment-replevin action.
As a result of the aforesaid the plaintiff was totally without a motor vehicle. Her difficulties and inconvenience reached such a point that on April 17, 1991 she felt compelled to rent a car to June 10, 1991. (Exhibit B). The total rental fees paid by the plaintiff amount to $1,469.56. It is the court's view that she suffered an additional $1,000.00 damages for the period March 6, 1991 to April 14, 1991.
 II.
In December 1991, while operating her car in I-91, the car engine developed a problem which caused a minor fire. The car was towed to the defendant's place of business. The plaintiff assumed that the repairs would be under warranty. However, when the damaged motor was examined by the defendant's employees and by an inspector from Hyundai Motor America, it was their determination that the initiating cause of the trouble was that an object from outside the vehicle had forcefully struck the engine casing causing a hole to be driven inward. The result was oil leakage and the eventual breaking of two connecting rods causing further inward-outward impacts on the engine casing. The inspector from Hyundai CT Page 7106 Motor America refused to accept the plaintiff's claim as valid under the warranty.
The plaintiff did make a claim under her own insurance policies but the claim was denied apparently because the plaintiff did not have collision coverage. The plaintiff had her car towed to North Haven to the Complete Auto Repair Shop. It is again noted that Hyundai Motor America is not a party to this action nor is there any evidence before this court that McDermott Hyundai Limited was requested to do the repair work on the plaintiff's credit or that it made any offer to do so.
 III.
In addition to the damages set forth in part I of this memorandum, the plaintiff claims damages under C.G.S. § 42-110g. As previously noted the plaintiff's car was withheld from her from about March 6, 1991 to June 10, 1991. It is clear that such withholding by the defendant caused the plaintiff much grief, trouble, inconvenience and distress during that period.
In addition the defendant, while the plaintiff's car was in its care and possession in December 1991, allowed it to be in a position or place where it could be and was, at least to some extent, stripped, causing the plaintiff great anguish. Such action or lack of action by the defendant, in the view of this court, devastated the plaintiff. The court will award her $3,500.00 damages for this element.
Finally, in the view of this court the plaintiff is entitled to attorney fees. The court notes that the plaintiff's attorney apparently had this matter resolved with defendant's attorney before any action was brought only to have her efforts fall apart. The court will award $2,500.00 counsel fees.
To recapitulate, the court finds that the plaintiff was damaged to the extent of $2,469.56 on the first count, $3,500.00 on the third count, plus counsel fees of $2,500.00.
Judgment may enter for the plaintiff in the total amount of $8,469.56.
Harold M. Mulvey State Trial Referee CT Page 7107